UNITED STATES DISTRICT COURT             CG7285
SOUTHERN DISTRICT OF NEW YORK

BOUBACAR SYLLA,

          Plaintiffs,

    -against-                                 **AMENDED COMPLAINT**
                                                      **AND DEMAND FOR**
THE CITY OF NEW YORK, SGT.                **JURY TRIAL**
RICHARD JOHNSON (Shield #0841) and
P.O.s JOHN DOES #1-5 (said names being
fictitious, as the true names are presently
unknown), Individually and in their
Official Capacities.

          Defendants.

---

      Plaintiff BOUBACAR SYLLA, by his attorneys, MYERS SINGER &

GALIARDO, LLP, complaining of the defendants, respectfully alleges as follows:

**PRELIMINARY STATEMENT**

1. Plaintiff brings this action for compensatory damages, punitive damages and

attorney's fees pursuant to 42 U.S.C. §§ 1983, 1988, for the wrongful acts of Defendants

THE CITY OF NEW YORK, SGT. RICHARD JOHNSON and P.O.s "JOHN DOE" #1-

5 (said names being fictitious, as the true names are presently unknown), as Officers of

the New York City Police Department, all acting under color of state law and pursuant to

their authority, in violation of Plaintiffs' rights, as said rights are secured by said statutes

and the Constitutions of the State of New York and the United States.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. §§ 1983, 1988, and the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is invoked herein pursuant to the aforementioned statutory and constitutional provisions and pursuant to 28 U.S.C. §§ 1331, 1343, this being an action seeking redress for the violation of Plaintiffs' constitutional and civil rights.

4. Plaintiff further invokes this Court's pendent jurisdiction over any and all state law claims and causes of action which derive from the same nucleus of operative facts that give rise to the federally based claims and causes of action pursuant to 28 U.S.C. § 1367.

## VENUE

5. Venue is properly laid in this District under 28 U.S.C. § 1391(b), this being the District in which the claim arose.

## TRIAL BY JURY

6. Plaintiffs demand a trial by jury on each and every one of their claims as pled herein pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

7. At all times relevant hereto, Plaintiff, an African American male, was and is a resident of Bronx, New York, located in the Southern District of New York.

8. At all times relevant hereto, defendant THE CITY OF NEW YORK (hereinafter, "NYC") is a municipality of the State of New York and owns, operates, manages, directs

and controls the New York City Police Department, which employs the other named Defendants.

9. At all times relevant to this action, defendants P.O.s "JOHN DOE" #1-5 (said names being fictitious, as the true names are presently unknown), are and were police officers employed by the New York City Police Department (hereinafter, "NYPD"), and acting under color of state law.

10. At all times relevant hereto and in all their actions described herein, said Defendants were acting under color of the statutes, ordinances, regulations, policies, customs and usages of the NYPD and NYC, pursuant to their authority as employees, servants and agents of the NYPD within the scope of employment and incidental to their otherwise lawful duties and functions as employees, servants, agents and police officers.

11. NYC was responsible for the hiring, training, supervision, discipline, retention and promotion of the police officers, sergeants, and/or employees of the NYPD.

## FACTS

12. On November 28, 2012, at approximately 8:00 p.m., Plaintiff BOUBACAR SYLLA was standing on or about East 198th Street between Grand Concourse and Valentine Avenue, Bronx, New York.

13. In or about this time, defendant police officers arrived at the East 198th Street area.

14. As plaintiff stood on the sidewalk a police officer approached him and arrested him for possession of a controlled substance.

15. During the cause of the arrest, without provocation or justification, the defendant officers placed plaintiff in handcuffs and thereafter punched him in the head.

16. One of the defendant police officers, defendant SGT. RICHARD JOHNSON, slammed plaintiff's head and face against a parked car.

17. As a result of defendants' conduct, plaintiff sustained, *inter alia*, injuries to the neck, back and face; including fractured and/or lost teeth.

18. On or about November 30, 2012, Plaintiff was arraigned in Criminal Court, Bronx County, New York, on the misdemeanor drug possession charges.

19. Plaintiff pleaded guilty to a violation, not a crime.

20. The sentence of the court was 3 days of community service.

21. On January 4, 2012, and within ninety (90) days of the incident, a Notice of Claim on behalf of Plaintiff BOUBACAR SYLLA was served upon the NYC.

22. A Hearing pursuant to General Municipal Law Section 50-H was held on February 25, 2013.

23. At least thirty (30) days have elapsed since said demand and/or claim upon which this action is in part predicated was presented to the NYC for adjustment and the NYC has neglected and/or refused to adjust and/or make payment.

24. This action is commenced within one year and ninety days of the occurrence herein.

### FIRST CLAIM FOR RELIEF: DEPRIVATION OF FEDERAL CIVIL RIGHTS

25. Plaintiffs repeat, reiterate and re-allege each and every allegation contained in paragraphs 1 through 24 with the same force and effect as if fully set forth herein.

26. All of the aforementioned acts of Defendants, their agents, servants and employees were carried out under color of state law.

27. All of the aforementioned acts deprived Plaintiff, BOUBACAR SYLLA, of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States and in violation of 42 U.S.C. § 1983.

28. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

29. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and rules of NYC and the NYPD, all under the supervision of ranking officers of said department.

30. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of his/her respective municipality/authority, which is forbidden by the Constitution of the United States.

31. By these actions, these Defendants have deprived Plaintiff of rights secured by the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983, for which the Defendants are individually liable.

### SECOND CLAIM FOR RELIEF: CONSPIRACY TO VIOLATE CIVIL RIGHTS

32. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs 1 through 31 with the same force and effect as if fully set forth herein.

33. All of the aforementioned Defendants conspired to violate Plaintiff's civil rights by agreeing among themselves to falsely charge Plaintiff with crimes and testify falsely, as described above, in violation of 42 U.S.C. § 1985, for which the Defendants are individually liable.

## THIRD CLAIM FOR RELIEF: EXCESSIVE FORCE UNDER 42 U.S.C. 1983

34. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs 1 through 33 with the same force and effect as if fully set forth herein.

35. The degree of force used by Defendants was excessive, unreasonable and unwarranted.

36. Defendants' actions were intentional, willful, malicious, egregious, grossly reckless and negligent, unconscionable and unprovoked.

37. As a result of the excessive force and brutality, Plaintiff sustained substantial pain, bruising and swelling about his left shoulder, neck, back, and face; and damage to his mouth and the loss of teeth.

38. All of the aforementioned acts of Defendants constituted excessive force under the laws of the State of New York and they are liable for said damage. Pursuant to 28 U.S.C. § 1367, this Court has pendant jurisdiction to hear and adjudicate such claims.

## FOURTH CLAIM FOR RELIEF: MALICIOUS ABUSE OF PROCESS UNDER 42 U.S.C. 1983

39. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs 1 through 38 with the same force and effect as if fully set forth herein.

40. Defendants issued legal process to place Plaintiff under arrest.

41. Defendants arrested Plaintiff in order to obtain a collateral objective outside the legitimate ends of the legal process.

42. Defendants acted with intent to do harm to Plaintiff without excuse or justification.

### FIFTH CLAIM FOR RELIEF: STATE COURT NEGLIGENCE

43. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs 1 through 42 with the same force and effect as if fully set forth herein.

44. Defendants acted in a careless and negligent manner when taking plaintiff into custody, causing plaintiff to be struck in the head, and have his head smashed into a van and a car.

45. Defendants' careless and negligent actions caused injury to the plaintiff.

46. All of the aforementioned acts of Defendants constituted negligence under the laws of the State of New York and they are liable for said damage. Pursuant to 28 U.S.C. § 1367, this Court has pendant jurisdiction to hear and adjudicate such claims.

### SIXTH CLAIM FOR RELIEF: MUNICIPAL LIABILITY

47. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs 1 through 46 with the same force and effect as if fully set forth herein.

48. Defendant Police Officers arrested BOUBACAR SYLLA despite a complete lack of evidence against him, notwithstanding their knowledge that said arrest would jeopardize Plaintiff's liberty, well-being, safety and constitutional rights.

49. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers and officials, with the entire actual and/or apparent authority attendant thereto.

50. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures and rules of NYC and the NYPD, all under the supervision of ranking officers of said department.

51. The aforementioned customs, policies, usages, practices, procedures and rules of NYC and the NYPD included, but were no limited to, initiating and continuing criminal proceedings without evidence of criminal activity.

52. The foregoing customs, policies, usages, practices, procedures and rules of NYC and the NYPD constituted a deliberate indifference to the safety, well-being and constitutional rights of Plaintiff BOUBACAR SYLLA.

53. The foregoing customs, policies, usages, practices, procedures and rules of NYC and the NYPD were the direct and proximate cause of the constitutional violations suffered by Plaintiff as alleged herein.

54. The foregoing customs, policies, usages, practices, procedures and rules of NYC and the NYPD were the moving force behind the constitutional violation suffered by Plaintiff as alleged herein.

55. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of Plaintiff BOUBACAR SYLLA.

56. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of Plaintiff's constitutional rights.

57. Defendant NYC, as municipal policymaker in the training and supervision of Defendant police officers, have pursued a policy and custom of deliberate indifference to the rights of persons in their domain who suffer violation of their right to freedom from the use of excessive and unreasonable force and freedom from deprivation of Liberty without Due Process of law in violation of the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983, and the Constitution and laws of the State of New York.

58. All of the foregoing acts by Defendants deprived Plaintiff BOUBACAR SYLLA of federally protected rights, including, but not limited to, the right:

    a. Not to be deprived of liberty without due process of law;

    b. To be free from seizure and arrest not based upon probable cause;

    c. To be free from unlawful imprisonment;

    d. To be free from intentional assault and infliction of emotional distress;

    e. Not to have cruel and unusual punishment imposed upon him; and

    f. To receive equal protection under the law.

## PRAYERS FOR RELIEF

WHEREFORE, Plaintiff BOUBACAR SYLLA demands judgment and prays for the following relief, jointly and severally, against the Defendants:

1. Special and compensatory; and

2. Punitive damages; and

3. Reasonable attorney's fees and costs; and

4. Such other and further relief as this Court seems just and proper.

DATED:   New York, New York
           April 2, 2014

Respectfully submitted,

Christopher D. Galiardo (CG7285)

MYERS SINGER & GALIARDO, LLP
*Attorneys for Plaintiff*
299 Broadway, Suite 200
New York, New York 10007
(212) 986-5900

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BOUBACAR SYLLA,

    Plaintiff,

-against-

THE CITY OF NEW YORK, SGT. RICHARD JOHNSON (Shield #0841) and P.O.s "JOHN DOE" #1-5 (said names being fictitious, as the true names are presently unknown), Individually and in their Official Capacities.

    Defendants,

AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

MYERS, SINGER & GALIARDO, LLP
Christopher D. Galiardo, Esq.

299 Broadway, Suite 200
New York, New York 10168
(212) 986-5900